UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| WILSON GUALLPA, <br><br>                    Plaintiff, <br> - against - <br><br> M & G TAPAS REST. CORP. d/b/a EL PORRON and GONZALO BERMEO <br><br>                    Defendants. | Index No.: 16-cv-8950 <br><br> **COMPLAINT** <br><br> **JURY TRIAL** |

Plaintiff, by his attorneys Virginia & Ambinder, LLP, allege as follows:

### PRELIMINARY STATEMENT

1.   This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 207, New York Labor Law § 190 *et seq.*, New York Labor Law § 633, New York Labor Law § 650 *et seq*, and 12 NYCRR 146-1.2, 1.4, and 1.6, on behalf of Plaintiff who furnished labor to Defendants M & G Tapas Rest. Corp. d/b/a El Porron and Gonzalo Bermeo (collectively "Defendants") to recover unpaid minimum wages and overtime wages, spread of hours compensation, and damages for failing to provide proper paystubs, plus interest, damages, attorneys' fees and costs.

### JURISDICTION

2.   Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

3.   The statute of limitations under FLSA, 29 U.S.C. § 255(a), for a willful violations is three (3) years.

4. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

5. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

6. Plaintiff is an individual and resident of Queens, New York, who was employed by Defendants as a busboy and then food runner from approximately April 2011 to November 2015.

7. Defendant M & G Tapas Rest. Corp. is a domestic business corporation engaged in the restaurant business organized and existing under the laws of New York and authorized to do business in New York, with its principle place of business at 1123 1st Avenue New York, New York, 10021.

8. Defendant Gonzalo Bermeo is a resident of the State of New York at 1123 1st Avenue New York, New York, 10021, and at all relevant times was Plaintiff's employer.

## FACTS

9. Defendants operate a business engaged in the food service and restaurant industry.

10. Upon information and belief, Defendants annual gross volume of sales made or business done is not less than $500,000.

11. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Defendants constitutes an "enterprise engaged in commerce."

12. Defendants are employers, within the meaning contemplated, pursuant to the FLSA, 29 U.S.C. § 203(d).

13. Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

14. Plaintiff is an employee within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

15. Plaintiff is an employee, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

16. Defendants failed to provide proper notice in violation of 29 U.S.C. § 203 and were therefore ineligible to take a "tip-credit" and pay Plaintiff less than the minimum wage for non-tipped employees.

17. Plaintiff typically worked 6 days each week, Monday through Thursday from 4 p.m. to approximately 11 p.m., Friday from 4 p.m. to approximately 12 a.m., and Saturday from 11 a.m. to approximately 12 a.m. for a total of approximately 48 hours each week.

18. For the first two years of his employment, in addition to the above schedule, Plaintiff would also work a double shift on Sunday from 11 a.m. to approximately 12 a.m. for a total of 61 hours each week.

19.   Plaintiff was not paid any hourly wage for the many hours of work he performed. Plaintiff was only paid his share of tips from customers, the amount of which varied from night to night. In addition to tips, he would occasionally receive a personal check from Defendant Bermeo. The amounts of these checks varied, but were usually anywhere from $19.00 to $40.00.

20.   Plaintiff did not receive weekly paystubs.

21.   Defendant Gonzalo Bermeo (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules and conditions of employment, (3) determined the rate and method of payment for Plaintiff, and (4) maintained Plaintiff's employment records.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA MINIMUM WAGE COMPENSATION

22.   Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

23.   Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than—**$7.25 an hour**…."

24.   Defendants failed to pay Plaintiff any hourly wages for his work.

25.   The failure of Defendants to pay Plaintiff hourly wages was willful.

26.   By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

4

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**FLSA OVERTIME COMPENSATION**

27. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

28. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29. Plaintiff worked more than 40 hours each week.

30. Defendants failed to pay Plaintiff overtime wages, at the rate of one and one half times the regular non-tip credit rate of pay, for the time in which he worked after the first forty hours in any given week.

31. The failure of Defendants to pay Plaintiff overtime compensation was willful.

32. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK MINIMUM WAGES**

33. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

34. Pursuant to 12 NYCRR 146-1.2, "(a) The basic minimum hourly wage

5

rate… shall be: (1) $7.25 per hour on and after January 1, 2011; (2) $8.00 per hour on and after December 31, 2013; (3) $8.75 per hour on and after December 31, 2014; and (4) $9.00 per hour on and after December 31, 2015.

35. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

36. Defendants failed to pay Plaintiff minimum wages for the hours he worked.

37. Defendants' failure to pay Plaintiff minimum wages was willful.

38. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK STATE OVERTIME COMPENSATION

39. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

40. Pursuant to 12 NYCRR 146-1.4 "An employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

41. Plaintiff regularly worked more than forty hours a week while working for Defendants.

42. Plaintiff did not receive overtime compensation for his work over 40 hours each week.

43. Defendants' failure to pay Plaintiff overtime compensation was willful.

44. By the foregoing reasons, Defendants are liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK SPREAD OF HOURS LAW

45. The Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

46. Pursuant to 12 NYCRR 146-1.6 "On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

47. While employed by Defendants, Plaintiff worked more than ten hours on days he worked double shifts.

48. Plaintiff did not receive spread of hours pay on days he worked double shifts.

49. Defendants' failure to pay spread of hour's compensation was willful.

50. By the foregoing reasons, Defendants are liable to the Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SIXTH CAUSE OF ACTION: NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION

51. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

52. Pursuant to New York Labor Law §§ 198-1(d) and 195, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. According to that statute, employees' paystubs must include: the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances ; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

53. Pursuant to New York Labor Law § 198-1(d), Plaintiff is entitled to $100 for every work week he failed to receive a paystub, up to a maximum of $2,500.

54. Plaintiff did not receive paystubs in accordance with the New York Labor law's requirements throughout his employment.

55. By the foregoing reasons, Defendants are liable to Plaintiff in the amount of $2,500.00, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment:

(1) on his first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2) on his second cause of action against Defendants, in an amount to be determined

at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) on his third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(4) on his fourth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(5) on his fifth cause of action against Defendants, in the amount of $2,500.00, plus attorneys' fees and costs; and

(6) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
November 17, 2016

By:   s/Lloyd Ambinder, Esq.  
Lloyd R. Ambinder
Kara Miller, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
kmiller@vandallp.com
Tel:   (212) 943-9080
Fax:   (212) 943-9082