

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: 212.943.9080
www.vandallp.com

**Kara S. Miller**
kmiller@vandallp.com

March 22, 2017

**Via ECF**
Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

### Re: Guallpa v. M & G Tapas Rest. Corp. et al - 16-cv-08950

Dear Judge Ramos:

Plaintiff submits this letter requesting that this matter be removed from mediation and that the parties proceed with litigation. Defendants are abusing the system to delay justice and causing harm to Plaintiff by jeopardizing his current employment and earnings.

This Court's December 5, 2016 Order (Docket No. 9) required the parties to schedule mediation within sixty days. Pursuant to Defendant's own request, mediation was scheduled for January 30, 2017 (See Dec. 9, 2016 Docket entry). Plaintiff's counsel reserved the day for the mediation and Plaintiff Guallpa requested a day off from work at his current place of employment. On January 25, 2017, Defendants moved to adjourn the mediation date. Plaintiff opposed this adjournment request. On February 7, 2017, this Court granted the adjournment request and ordered the parties to comply with this Court's December 5, 2016 Order for mediation purposes.

Thereafter, on February 15, 2017, Defendants proffered 4 dates they were available to reschedule the mediation, including March 13, 2017. The mediator was also available on March 13, 2017. After conferring with the Plaintiff, I advised Defendants we were available to proceed with the rescheduled mediation on March 13, 2017. I subsequently received an email from Defendants' counsel objecting to the March 13, 2017 date, telling me it was "quite limiting," despite Defendants being the one to circulate that date in the first place. Defendants' counsel stated he had a court conference in the morning, but agreed to schedule the mediation for March 13, 2017 beginning at 1:30 pm. Plaintiff's counsel reserved the day for the mediation and Plaintiff Guallpa requested a day off from work at his current place of employment.



On March 2, 2017, I received an email from Defendant's counsel notifying me that they could no longer attend the March 13, 2017 mediation date and requested an adjournment. Defendants proposed three alternate dates in their email at 9:41 a.m. At 5:03 pm that same day, I received another email from Defendants' counsel, notifying me that the dates proposed that morning were now unavailable due to depositions. Defendants proposed four other dates instead. Over my strenuous objections, at the mediator's insistence, I agreed to reschedule one more time with ample warnings that any additional adjournment request and I would immediately contact this Court for appropriate relief. On March 3, 2017, the parties rescheduled mediation for the third time to take place on March 27, 2017 at 10:30 am. Plaintiff's counsel reserved the day for the mediation and Plaintiff Guallpa requested a day off from work at his current place of employment.

On March 21, 2017, I received an email from Defendants' counsel again notifying me that they are no longer available on March 27, 2017 due to a trial in another matter. Defendants' counsel simply proposed new dates now going into April.

Defendants have shown an utter disregard for this matter and the mediation process.[1] They let any possible conflict take precedent over this matter, in a clear effort to delay and cause harm to the Plaintiff. Plaintiff's counsel notified Defendants that Plaintiff is a low wage hourly worker and that it is not easy for him to arrange to take a day off from work and that he loses income because he does not get paid when he does not work.

Plaintiff requests, at the very least, that this matter be removed from mediation and that litigation proceed with all due haste. Plaintiff leaves it to the discretion of this Court whether sanctions against Defendants are appropriate. If this Court is inclined to grant sanctions, Plaintiff respectfully requests some compensation be paid to Plaintiff Guallpa for the lost earnings he has incurred as a result of Defendants' actions.

Respectfully Submitted,

\_\_\_\_\_/s/_____
Kara Miller, Esq.

Cc: Michael K. Chong, Esq. (via ECF)
Mediator Alan Gettner (via email at agettner@verizon.net) (by request)
Mediator Office (via email at mediationoffice@nysd.uscourts.gov) (by request)

---

[1] Plaintiffs note that there are copious emails between the parties, the mediator, and the mediation office on this matter. The emails can be provided to the Court upon request.