

## VIRGINIA & AMBINDER LLP
A t t o r n e y s    a t    L a w

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: 212.943.9080
www.vandallp.com

**Kara S. Miller**
kmiller@vandallp.com

June 6, 2017

<u>**VIA ECF**</u>
Hon. Ronald L. Ellis, U.S.M.J.
United States District Court
Southern District of New York

**Re: Guallpa v. M & G Tapas Rest. Corp. et al - 16-cv-08950**

Dear Judge Ellis:

Plaintiff submits this letter in response to Defendants' June 5, 2017 letter requesting an adjournment of the settlement conference currently scheduled for June 21, 2017. Plaintiff respectfully requests that this matter be taken off the settlement calendar indefinitely and that sanctions be imposed on Defendants.

As detailed in Plaintiff's March 22, 2017 letter to the Court (Docket No. 16) and at the court conference before the Honorable Judge Ramos on April 26, 2017, Defendants have repeatedly requested adjournments for mediation/settlement conferences weeks after they have been scheduled and after my client has requested a day off from work at his current place of employment. This is the fourth-time Defendants have done so, despite multiple warnings to Defendants' counsel regarding their utter disregard for this matter and the mediation/settlement process, and the harm being caused to my client. As Defendants know, Plaintiff is a low wage hourly worker and it is not easy for him to arrange to take a day off from work and he also loses income because he does not get paid when he does not work. Court ordered mediation never took place and litigation in this matter was stalled for months due to Defendants' delay tactics. Exasperated, Plaintiff contacted the Court who removed this matter from mediation. This matter was then transferred to Your Honor for settlement purposes in the hope that Defendants would cooperate with the process if it were court ordered before a federal judge. This is evidently not the case. The settlement conference was scheduled on May 17, 2017, yet Defendant waited until June 5, 2017 to request an adjournment. My client has already requested the day off from work.

Defendants' continued abuse of the system to delay this action and intentionally cause harm to Plaintiff by jeopardizing his current employment and earnings warrants sanctions. Defendants' counsel has been warned multiple times already on this point. Showing particular evidence of bad faith, I have suggested several times that to avoid injustice, I will attend mediation/settlement conferences with authority but without my



client.  Defendant's counsel has vehemently opposed any such suggestion, insisting my client be present at all occasions, only to subsequently cancel or move to adjourn the date. Plaintiff respectfully requests sanctions be imposed on Defendant's counsel in the amount of $250 to be given to Plaintiff to compensate him for some of his lost income.

Plaintiff respectfully requests that this matter be taken off the settlement calendar indefinitely. It is evident Defendants are unwilling to engage in the settlement process in good faith. If Defendants are interested in discussing settlement, they can do so by contacting Plaintiff's counsel privately at any time while litigation of this matter proceeds.

Respectfully Submitted,

_____/s/_____
Kara Miller, Esq.

Cc: Michael K. Chong, Esq. (via ECF)