UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

WILSON GUALLPA,

                  Plaintiff,

- against -

M & G TAPAS REST. CORP. d/b/a EL PORRON and
GONZALO BERMEO

                  Defendants.

Case No.: CV 16-8950 (BCM)

## SETTLEMENT AGREEMENT AND RELEASE

**1. Parties.** The parties to this Agreement are you, Wilson Gualpa (for yourself, your family, your representatives, agents, assigns, heirs, executors, administrators, and beneficiaries and anyone acting for you) (hereinafter "You" or "Plaintiff"), and M&G Tapas Rest. Corp. d/b/a El Porron. ("El Porron" or "Defendant") and Gonzalo Bermeo ("Bermeo" or "Defendant") and their respective representatives, agents, assigns, heirs, successors, executors and administrators (collectively "Defendants").

You and Defendants are presently parties to a lawsuit now pending before the U.S. District Court for the Southern District of New York, Case No. 16-CV-8950(BCM) entitled Gualpa v. M&G Tapas Rest. Corp., and Gonzalo Bermeo indvidually, and any other entities affiliated with or controlled by M&G Tapas Rest. Corp. and Gonzalo Bermeo (the "Lawsuit"). You and Defendants are interested in avoiding all further legal costs and disputes and in fully and expeditiously resolving all claims, charges, or issues of law or fact that were or could have been raised by You against Defendants as of the date You sign this Agreement.

**2. Consideration.** In complete settlement of all claims that You have or may have against Defendants and subject to the terms below, Defendants agree to pay You the gross sum of $15,000.00, inclusive of all costs and attorneys' fees (the "Settlement Amount") to be paid as follows:

1. $1,250.00 within 10 days from the date of approval of this Agreement by the Court or on or before September 1, 2017, whichever is first in time(the "First Payment");

2. $1,250.00 on or before October 1, 2017;

3. $1,250.00 on or before November 1, 2017;

4. $1,250.00 on or before December 1, 2017;

5. $1,250.00 on or before January 1, 2018;

6. $1,250.00 on or before February 1, 2018;

7. $1,250.00 on or before March 1, 2018;

8. $1,250.00 on or before April 1, 2018;

9. $1,250.00 on or before May 1, 2018;

10. $1,250.00 on or before June 1, 2018;

11. $1,250.00 on or before July 1, 2018; and

12. $1,250.00 on or before August 1, 2018.

You shall be responsible for paying taxes for any and all payments made to You pursuant to this Agreement.

**3. Court Approval of Settlement Agreement.** Plaintiff and Defendants agree that the Court's approval of this Agreement as fair and reasonable and the subsequent dismissal of the Lawsuit with prejudice is a condition precedent to Defendants' promises in this Agreement. You understand counsel will jointly submit an application to the Court for approval of this Agreement as fair and reasonable. Counsel for both Plaintiff and Defendants shall execute a Stipulation of Dismissal with prejudice (annexed hereto as Exhibit "1") to be filed upon the Court's approval of this Agreement as fair and reasonable.

**4.Release.**

In consideration of the payments and benefits set forth in Section 2 above, Plaintiff hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all claims against Defendants, their parent and affiliate companies, subsidiaries, divisions, business units, committees, groups, officers, directors, shareholders, employees, successors, assigns, trustees, administrators, and executors (collectively referred to as "RELEASEES"), and releases and forever discharges the RELEASEES and their heirs, executors, administrators, successors, trustees, assigns, subsidiaries, officers, directors, shareholders, employees, legal representatives, and agents of each of them, from all actions, causes of action, and suits, which against the RELEASEES, Plaintiff or Plaintiff's heirs, executors, administrators, successors, and/or assigns, may now have or hereinafter can, shall or may have, for any claims that were brought or could have been brought by Plaintiff against Defendants in the Lawsuit, including, but not limited to, unpaid wages, minimum wage, overtime pay, expenses, salaries, benefits, commissions, bonuses,liquidated damages, statutory penalties, and other related penalties, as well as associated attorneys' fees and costs, or any other work related compensation whatsoever from the beginning of the world to the date that You sign this Agreement (hereinafter referred to as the "Effective Date"), including, but not limited to, those claims pertaining to severance pay or termination pay, and those arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the New York Labor Law, any New York wage-hour and wage-payment laws, and/or any other federal, state or local wage-hour, wage-payment, or labor laws.

**5. Release Exclusions/Individual Protections.** This Agreement's release provisions exclude: claims arising after You sign this Agreement; claims for breach of this Agreement; and claims that legally or by applicable law cannot be waived, such as for unemployment or worker's compensation. Neither the release provisions above nor anything else in this Agreement limit Plaintiff's rights to file a charge with any administrative agency (such as the U.S. Equal Employment Opportunity Commission or a state fair employment practices agency), provide information to an agency, or otherwise participate in an agency investigation or other administrative proceeding. However, You give up all rights to any money or other individual relief based on any agency or judicial decision, including class or collective action rulings. ,

**6. Non-Admission.** Neither Defendants' settlement of the Lawsuit as reflected in this Agreement nor any payment under this Agreement are an admission that You have a viable claim against Defendants or any other Releasee. Each Releasee denies any and all liability or wrongdoing for any claims asserted in the Lawsuit.

**7. Applicable Law.** This Agreement shall be interpreted under federal law if that law governs, and otherwise under the laws of the State of New York, without regard to its choice of law provisions.

**8. Dispute Resolution.** Any dispute regarding this Agreement will be resolved in the United States District Court for the Southern District of New York.

**9. Enforceability.** If a court finds any provision of this Agreement unenforceable, that provision shall be modified or severed, as applicable, and all remaining provisions of this Agreement shall remain enforceable and shall be enforced: except that if a court finds paragraph 4 unenforceable, then none of the remaining obligations on Defendants under this Agreement shall be enforced, and all monies paid pursuant to this Agreement shall be subject to return to Defendants. If a court finds any such provision of this Agreement incapable of being modified so as to render the provision enforceable, the provision shall be severed, and all remaining provisions of this Agreement shall remain enforceable and shall be enforced. Failure of a party to enforce any provision of this Agreement in the event of a violation of the Agreement shall not constitute or be construed as a waiver of the right to enforce the Agreement in the event of another future violation.

**10. Enforcement.** Nothing in this Agreement limits any party's right to obtain preliminary or permanent injunctive relief if any party breaches this Agreement, plus any additional relief determined to be appropriate.

**11. Entire Agreement.** This Agreement is the complete understanding between You and Defendants. It replaces any other agreements, representations or promises, written or oral.

**12. Other Representations.** You agree:

- With the settlement payments noted above, You acknowledge that You will not receive, and are not entitled to any other pay/compensation/benefits/leave/time off You are or may be due to date, including for overtime or vacation;

- This entire document was translated and read to You in your native language prior to signing in the presence of Plaintiff's counsel;

- You have been given the opportunity to ask questions about this Agreement and all of Plaintiff's questions, if any, have been satisfactorily answered;

- You have consulted with an attorney before signing below; and

- You are signing this Agreement knowingly and voluntarily.

**IN WITNESS WHEREOF**, Plaintiff and Defendants/Releasees, and their respective attorneys, have duly executed this Settlement Agreement and General Release freely and voluntarily.

PLAINTIFF:

_____
WILSON GUALPA

Dated: 08-07-2017

Sworn to and subscribed to before me this 7 day of August, 2017.

_____
NOTARY PUBLIC

LEONOR HIDALGO COYLE
Notary Public- State of New York
No. 02CO6213934
Commission Expires November 23, 2013

DEFENDANTS:

M & G TAPAS REST. CORP. d/b/a EL PORRON

BY: _____  Dated: 08/24/17

Sworn to and subscribed to before me this 24-th day of August, 2017.

_____
NOTARY PUBLIC

CRYSTAL A HOU
Notary Public - State of New York
NO. 01HO6232402
Qualified in Kings County
My Commission Expires Dec 13, 2018

_____
GONZALO BERMEO  Dated: 08/23/17

Sworn to and subscribed to before me this 22-nd day of August, 2017.

SVETLANA LEVITSKY
Notary Public - State of New York
NO. 01LE6256069
Qualified in Kings County
My Commission Expires 02/21/20

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILSON GUALPA,

                Plaintiff,

- against –

M & G TAPAS REST. CORP. d/b/a EL PORRON, and GONZALO BERMEO,

                Defendants.
------------------------------------------------------------X

**Docket No.
16-CV-8950 (BCM)**

**STIPULATION OF DISMISSAL**

    IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Defendants, through their undersigned counsel that, whereas no aforementioned party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, that the above entitled action be, and the same is hereby, dismissed with prejudice and without costs to either party against the other.

    IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed in counterparts and scanned PDF or facsimile copies shall be deemed to be originals.

Dated: July 25, 2017

_____
Kara Miller, Esq.
Virginia & Ambinder LLP
Attorneys for Plaintiff
40 Broad Street, 7th Floor
New York, New York 10004

Dated: July 25, 2017

_____
Michael K. Chong, Esq.
Michael K. Chong LLC
Attorneys for Defendants
1250 Broadway, 36th Floor, Suite 300
New York, New York 10001

**SO-ORDERED**

_____
Hon. Edgardo Ramos, United States District Judge