UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/5/17

WILSON GUALLPA,

                Plaintiff,

-against-

M & G TAPAS REST. CORP. d/b/a EL PORRON, and GONZALO BERMEO,

                Defendants.

**ORDER**

16 Civ. 08950 (ER)

Ramos, D.J.:

    Wilson Guallpa brought the above-captioned action against Defendants M & G Tapas Rest. Corp., d/b/a El Porron, and Gonzalo Bermeo for recovery related to unpaid overtime wages, spread of hours compensation, and damages for failing to provide proper wage statements under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See* Doc. 1. On August 28, 2017, the parties submitted an application for the Court to approve the parties' settlement agreement (the "Agreement"). Doc. 33.

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).

    "In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate 'the bona fides of the dispute.'" *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015). The Court's inquiry into the substantive reasonableness of an FLSA settlement requires the

parties to submit, among other things, a comparison of Plaintiff's range of possible damages with the final settlement amount, and an explanation of the case-specific litigation risks and other factors that justify the discrepancy between the potential value of Plaintiff's claims and the settlement amount, if any. *See, e.g., Jesus v. PS Bros. Gourmet*, No. 15 Civ. 99 (WHP), 2015 WL 9809999, at *1 (S.D.N.Y. Dec. 18, 2015) (approving FLSA settlement where plaintiff submitted "a detailed breakdown of the total damages assessed for minimum wage, overtime, and spread-of-hours violations; New York and federal liquidated damages; interest; and pay stub violation"); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015) (approving settlement after parties "submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable").

Though the Agreement is silent on how the funds will be distributed, the parties' accompanying letter provides for a total settlement of $15,000, apportioning $10,000 to Plaintiff and the remaining $5,000 to Plaintiff's counsel for attorneys' fees and costs. Doc. 33 at 2, ¶ 2. Due to Defendants' financial hardship, the parties agreed that the settlement would be payable in equal installments over the course of twelve months, with the first installment due 10 days after the Court's approval of the settlement. *Id.*

Based on damages calculations prepared on the basis of Plaintiff's allegations and Defendants' payroll documents, the parties estimate that Plaintiff is owed approximately $74,929.23. *Id.* at 2. The Court finds that the explanation of how the payments have been reduced to account for litigation risks is reasonable. Plaintiff asserts that by settling now he ensures that he will get the most of a potential recovery. *Id.* Specifically, Plaintiff agreed to compromise the case based on external factors such as Defendants' limited income, significant

debts, the risk of protracted litigation diminishing Plaintiff's potential recovery, and other anticipated collection problems. *Id.* at 2. Moreover, Plaintiff's counsel has reviewed the financial records of the corporate and individual Defendants and concluded that they corroborate Defendants' claims of limited financial means. *Id.* Additionally, the parties engaged in arms-length settlement discussions, including a conference with Magistrate Judge Pitman. *Id.*

Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Under the proposed Agreement, Plaintiff's attorneys will retain $5,000 in attorneys' fees and costs.[1] Doc. 33 at 2. In line with the requirements for FLSA settlement approval in this Circuit, Plaintiffs' counsel has submitted billing records detailing the type of work performed so that the Court may calculate reasonable fees under the "lodestar" method. *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney."); *see also Beckert*, 2015 WL 8773460, at *2 (evaluating the reasonableness of plaintiff's request for fees of one third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, *i.e.* the lodestar method).

---

[1] This total amounts to one third of the overall settlement. "One-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015).

3

Here, Plaintiff submitted billing records detailing $27,767.50 for work incurred in the prosecution of this case over a period of almost one year. Doc. 33 at 4 & Exhibit 1. This work included drafting and filing the complaint, exchanging discovery and reviewing payroll documents, preparing for and attending a settlement conference with the Magistrate Judge and a conference before the Court, and preparing damages calculations and the instant motion, plus the various costs related to filing the lawsuit. *Id.* The Court is satisfied with the billing rates assigned to Plaintiff's counsel and the number of hours spent on each task. Based on the work performed, the Court finds that the requested attorneys' fees and costs of $5,000 are objectively reasonable.

In terms of the non-monetary provisions, the Court finds all of them to be fair and reasonable.

Accordingly, the parties' request for approval of the proposed settlement is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 33, and close the case.

It is SO ORDERED.

Dated:   October 4, 2017
         New York, New York

                                            Edgardo Ramos, U.S.D.J.